**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-03198-CMA-SKC

OTTER PRODUCTS, LLC, and
TREEFROG DEVELOPMENTS, INC.,

      Plaintiffs,

v.

EDDY WANG, and  JOHN DOES 1-10,

      Defendants.

---

**MOTION TO SET ASIDE DEFAULT JUDGMENT**

**AND**

**FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

---

COMES NOW, Defendant Eddy Wang, by and through its undersigned counsel, Ray K. Shahani, and, pursuant to F.R.C.P Rules 55© and 60(b), files this Motion to Set Aside Default Judgment and for Extension of Time to Respond to Complaint (hereafter "Motion to Set Aside Default"), and as grounds therefore, states as follows:

I.     INTRODUCTION

This case comes before the Court on the Court's "Default Judgment" (Doc. 29,

-1-

filed March 28, 2019), the Court's "Order Granting Plaintiffs' Motion for Default

Judgment and Permanent Injunction" (Doc. No. 28, filed March 28, 2019 [hereinafter

"Order Granting Default Judgment"]), and Plaintiff's "Motion for Default Judgment as to

Defendant Eddy Wang by Plaintiffs Otter Products, LLC, Treefrog Developments Inc."

(Doc. No. 24, filed March 14, 2019 [hereinafter "Motion for Default Judgment"]).

Defendant Eddy Wang (hereinafter "Defendant Wang") files this Motion to Set

Aside Default Judgment to request the Court set aside the Default Judgment, lift the

permanent injunction against Defendant, and to extend for 21 days from the date of

grant of this motion the time for his filing of a responsive pleading to the "Complaint for

Damages, Injunctive and Other Relief for Violations of 15 U.S.C. § 1114; 15 U.S.C. §

1125(a); 15 U.S.C. § 1125©; and Related Claims; and Jury Demand" (Doc. No. 1, filed

December 13, 2018 [hereinafter "Complaint"]).

This Motion to Set Aside Default Judgment is based upon the following grounds:

(1) Good cause to set aside the Default Judgment based upon excusable neglect and

mistake exists; (2) The entry of the Default Judgment was not the result of culpable

conduct of Defendant Wang or his counsel; (3) The Plaintiff will not be prejudiced if the

Default Judgment is set aside; and (4) Defendant Wang is able to present numerous

meritorious defense to the claims of the Complaint, including but not limited to the

Complaint fails to name E&E Global, Inc. the actual seller of the alleged infringing

products as a defendant in the action, the Complaint contains numerous inconsistencies

and alleges facts that cannot comprise trademark infringement or any other claim, E&E

Global, Inc. was not served with a copy of the summons or the Complaint in this action, the Plaintiff was notified that the Complaint is defective prior to entry of the Default Judgment yet the Plaintiff neglected to amend its pleadings prior to entry of Default Judgment, the alleged infringing products are original and not counterfeit, the alleged infringing products are sold in Plaintiff's original packaging and each bears a unique serial number assigned to it by Plaintiff, E&E Global, Inc. purchases the alleged infringing product from "Otterbox-authorized dealers", the Plaintiff offers a "lifetime warranty" on its products and therefore E&E Global, Inc.'s marketing is fair and accurate and cannot therefore comprise a trademark infringement, E&E Global, Inc. would have no notice, knowledge or understanding of Plaintiff's authorized reseller terms and conditions and therefore cannot be in violation thereof, and the fact that Plaintiff's authorized resellers may be in violation of their reseller agreements with Plaintiff is not evidence of interference with contract or of Defendant's knowledge of the terms of the reseller's agreements or of other illegal or impermissible conduct on the part of Defendant.

II.     PROCEDURAL HISTORY

The Complaint (Doc. No. 1) was filed on December 13, 2019. The Summons (Doc. No. 13) returned executed was filed on January 16, 2019. On January 31, 2019, Plaintiffs filed a Motion for Entry of Default as to Defendant Wang (Doc. No. 16). Thereafter, on February 1, 2019, the Clerk's Entry of Default was filed (Doc. No. 17). On March 14, 2019, Plaintiffs filed their Motion for Default Judgment (Doc. No. 24).

Fourteen days later on March 28, 2019, the Order of the Court granting Plaintiff's Motion for default Judgment was entered (Doc. No. 28). A Default Judgment was entered that same day (Doc. No. 29).

III.    DUTY TO CONFER

Pursuant to D.C. COLO. LCivR 7.1, the counsel for Defendant called counsel for Plaintiff at the phone number listed on the pleadings in this action and spoke with him on the telephone numerous times prior to the filing of this Motion. Counsel for Defendant advised counsel for Plaintiff that he would be filing a motion to set aside the default judgment. Most recently, on April 17, 2019, counsel for Defendant sent counsel for Plaintiff yet another settlement proposal and at the same time advised counsel for Plaintiffs that he had started to prepare a motion to set aside the default judgment. Counsel for Plaintiff failed to respond thereto.

IV.    LEGAL STANDARD FOR SETTING ASIDE DEFAULT JUDGMENT

The Court "may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55©. "[T]he good cause required by Fed. R. Civ. P. 55© for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 775 n.6 (10th Cir. 1997).

The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant; (2) whether the plaintiff would be prejudiced if the default should be set

aside; and (3) whether the defendant presents a meritorious defense. *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x. 744, 750 (10th Cir. 2009) (citation omitted); *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995) (citation omitted). The court need not consider each of these factors and may consider other factors as well. *Guttman v. Silverberg*, 167 F.App'x 1, 4 (10th Cir. 2005) (citation omitted).

Setting aside default judgment is addressed to the sound discretion of the court. *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir.1987). The court's analysis is guided by the principle that "[t]he preferred disposition of any case is upon its merits and not by default." *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir. 1970).

### A.    Culpable Conduct

"Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default." *United States v. Timbers Pres., Routt Cnty., Colo.,* 999 F.2d 452, 454 (10th Cir. 1993) (citation omitted) *abrogated on other grounds by Degen v. United States,* 517 U.S. 820, 825 (1996). Conversely, an unintentional or good faith mistake is not considered culpable conduct for the purposes of Rule 55©. *See id.*; *see also United States v. Signed Pers. Check No. 703 of Yubran S. Mesle,* 615 F.3d 1085, 1092 (9th Cir. 2010) (describing "culpable conduct" as "intentionally" failing to answer, or acting in bad faith in order to take advantage of the opposing party, to interfere with judicial decision-making, or otherwise trying to manipulate the legal process). Further, a party's prompt motion to set aside an entry of default serves to mitigate any culpable conduct that may exist. *Zen & Art of Clients*

*Server Computing, Inc. v. Resource Support Assocs., Inc.,* 06-cv-00239-REB-MEH, 2006 WL 1883173, at *2 (D. Colo. July 7, 2006) (citing *Savin Corp. v. C.M.C. Corp.,* 98 F.R.D. 509, 511 (N.D. Ohio 1983) (finding that a mistaken delay in response was not willful because the defendant "expeditiously moved to remedy his mistake"). *Zen & Art of Clients Server Computing, Inc.,* 2006 WL 188173, at *2 (10 day delay suggested that failure to respond was an honest mistake); *Bollacker v. Oxford Collection Agency, Inc.,* No. 07-cv-01730-WDM-MEH, 2007 WL 3274435, at *2 (D. Colo. Nov. 5, 2007) (13 business-day delay supported the defendant's contention that its failure to respond was an honest mistake*). See also Fed. Fruit & Produce Co v. Liborio Markets No. 9, Inc.,* No. 12-cv-1145-WJM-BNB, 2013 WL 4849110, at *2 (D. Colo. Sept. 11, 2013) (Despite a "weak justification" and a two month delay, failure to respond was still not attributable to culpable conduct as defined by Tenth Circuit case law). See also *Signed Pers. Check No. 730,* 615 F.3d at 1092.

A number of decisions have found that a party's good faith but mistaken belief regarding procedural questions, such as whether the plaintiff has obtained proper service of process, does not amount to culpable conduct. *See, e.g., Zen & Art of Clients Server Computing, Inc.,* 2006 WL 1883173, at *2 (finding that honest belief that company had not been properly served did not constitute culpable conduct); *Ledbetter v. Kan. Dep't of Soc. & Rehab. Servs.,* No. CIV.A.99-2261-KHV, 2000 WL 206208, at *2 (D. Kan. Jan. 3, 2000) (defendant's failure to file a timely answer was not culpable where it had a good faith belief that it had not been served with process).

### B.    Prejudice

Prejudice is established when a plaintiff's ability to pursue his claims has been

hindered by, for example, a loss of available evidence, increased potential for fraud or

collusion, or substantial reliance upon the judgment. *Nationwide Mut. Ins. Co. v.*

*Starlight Ballroom Dance Club, Inc.,* 175 F. App'x 519, 522-243 (3d Cir. 2006).

However, "'[t]here is no prejudice to the plaintiff where the setting aside of the default

has done no harm to the plaintiff except to require [him] to prove [his] case.'"

*SecurityNational Mortg. Co. v. Head,* No. 13-cv-03020-PAB-BNB, 2014 WL 4627483, at

*4 (D. Colo. Sept. 15, 2014) (quoting *Lacy v. Sitel Corp.,* 227 F.3d 290, 293 (5th Cir.

2000)).

### C.    Meritorious Defense

As to the third "good cause" factor, "the court examines the allegations contained

in the moving papers to determine whether the movant's version of the factual

circumstances surrounding the dispute, if true, would constitute a defense in the action."

*In re Stone,* 588 F.2d 1316, 1319 (10th Cir. 1978). A defendant must provide "a

sufficient elaboration of facts to permit the trial court to judge whether the defense, if

movant's version were to be believed, would be a meritorious defense." *Id.* A defendant

is not required to "demonstrate a likelihood of success on the merits." *Coon v. Grenier,*

867 F.2d 73, 77 (1st Cir. 1989).

Nevertheless, if the Court finds that two of the three factors weigh in favor of

setting aside the entry of default, and considering the ambiguity of the Complaint, the

court need not conclusively resolve the third "good cause" factor. *Apex Mobility Transp., LLC v. First Transit, Inc.,* No. 14-cv-02645-REB-MEH, 2015 WL 59255, at *3 (D. Colo. Jan. 2, 2015). Instead, in light of the judicial preference against default judgments, *Gomes,* 420 F.2d at 1366, the Court may set aside the Clerk's entry of default.

V.     ARGUMENTS

    **A.     Lack of Culpability**

As pointed out by Wang in his declaration filed herewith, Wang in good faith didn't know he was required to respond to the lawsuit when it was filed and a copy was served on him. Wang doesn't do business in his own name, and his corporation was never named. Wang received legal advice that when he sets up a corporation and operates his business according to legal formalities, there is no personal liability. In the present case, there is no personal liability for Wang and therefore the lawsuit is defective. Nevertheless, in good faith Wang relied upon the advice of his corporate counsel and never intentionally allowed the default to be entered.

Moreover, paperwork was sent to his warehouse at 6 Linden Avenue, Suite 1 in South San Francisco. This is not the corporate address which E&E Global registered with the Secretary of State, Wang has employees and independent contractors that work at his warehouse, and Wang does not believe he received all of the prior notices sent to the warehouse.

Wang has no recollection of receiving paperwork from Plaintiffs at his home address on Silver Avenue in San Francisco, and of course there would have been no

way for Wang to receive paperwork sent to a non-existent address on Teddy Avenue in Brisbane, California, nor to Wang's former address on Teddy Avenue in San Francisco that Wang moved away from 5 years ago.

Finally, as soon as Wang realized the severity of the matter, he attempted to retain a lawyer to defend him. Trademark litigation is a specialization, and as soon as he contacted Ray K. Shahani, a trademark litigator, Wang retained Shahani. Shahani was never informed by Pensyl that there was a motion for default judgment pending, as a courtesy Pensyl could have given Shahani a warning. The Court entered the default judgment 2 weeks after the motion for entry of default judgment was filed, and this motion is being filed as soon as possible after this Court entered the Default Judgment.

### B.     No Prejudice to Plaintiffs

With all due respect, Defendant argues that there is no prejudice to Plaintiffs in having to prove their case. Setting aside the Default Judgment in no way prejudices or otherwise hinders Plaintiffs in their ability to pursue their claims. There has been no loss of available evidence. There is no increased potential for fraud or collusion on the part of Defendant or E&E Global, Inc. Furthermore, Plaintiffs have not changed their position in any way at all in reliance upon the judgment.

### C.     Meritorious Defenses

Defendant and his counsel have outlined numerous meritorious defenses in their respective declarations. These include but are not limited to the following:

#### i.     Plaintiffs Sued the Wrong Party

E&E Global, Inc., is the owner of the Amazon storefronts that were shut down following this Court's entry of the Default Judgment. However, E&E Global, Inc. wasn't identified at all let alone named as a defendant in Plaintiff's Complaint. Enjoining conduct on the part of a party not named in the lawsuit is a violation of due process and interferes with E&E Global's constitutional right to conduct business as a law abiding entity under the Contract Clause of the U.S. Constitution.

More importantly, Plaintiffs have not and cannot pierce E&E Global's corporate veil without first proving that E&E Global, Inc., violated any laws and without subsequently proving that Defendant Eddy Wang was responsible for said violation.

### ii.    E&E Global, Inc. Not Served with Summons or Complaint

The summons is defective in that it merely states that Eddy Wang was personally served. The summons wasn't issued in the name of E&E Global nor does it purport to serve Eddy Wang in his capacity as a corporate officer or director.

### iii.    Complaint Filled with Generalities and Innuendo

The Complaint in this action is full of generalities, assumptions and innuendo, none of which allege actual facts that would tend to prove Defendant or E&E Global have infringed any trademark or otherwise violated any law.

For example, ¶ 27 of the Complaint states: "The online marketplaces also allow third parties to sell products anonymously, i.e., without disclosing their actual identity or sources to consumers. As such, any person who is able to obtain a manufacturer's products through unauthorized diversion can sell them on the online marketplaces

without having to reveal his/her identity to the consuming public. This effectively prevents the manufacturer and the consumer from being able to reach sellers, like Defendants, and address quality concerns." This is not the case with E&E Global.

Furthermore, ¶ 28 of the Complaint states: It is common for these unauthorized sellers to sell diverted products of inferior or otherwise questionable quality in shipments to unwitting consumers. *See* https://www.cnbc.com/2016/09/08/greed-report-your-quest-for-savings-could-land-you-in-thegray-market.html. Indeed, there is an "epidemic" of counterfeit products being sold on the online marketplaces that diverters are exploiting because they know consumers trust marketplaces and assume that the products they are buying through the marketplaces are genuine. *See* https://www.bloomberg.com/news/articles/2016-11-28/amazon-gets-real-aboutfakes." Again, there is no evidence the products sold through the E&E Global storefronts are counterfeit, gray-market or defective. The Complaint is replete with accusations and generalities that may or may not be true in and of themselves, but in any event simply don't apply to Defendant or E&E Global. This is therefore prejudicial to Defendant and E&E Global.

### iv.    Plaintiff Had Notice It's Complaint Was Defective

Prior to entry of the default Judgment by this Court, counsel for Defendant notified Tyler Pensyl that the Complaint was defective. Upon being notified of the facts, it was Plaintiff's duty to correct the record and withdraw the Motion for Default Judgment to prevent an abuse of process and a violation of the justice system. Plaintiffs didn't do

that, and instead allowed its defective Complaint to form the basis of a permanent injunction against an individual rather than the corporation under which defendant was actually doing business.

### v.     The Alleged Infringing Products Are Not Counterfeit

As stated under penalty of perjury, the alleged infringing products sold by E&E Global in Plaintiff's original packaging, each bearing a unique serial number assigned to it by Plaintiff, are actual Otterbox and Lifeproof products. E&E Global purchases these products from Otterbox-authorized dealers and resellers, through its brokers.

### vi.     Plaintiffs Do Offer "Lifetime Warranty" on Products

E&E Global, Inc.'s marketing is fair and accurate and cannot therefore comprise a trademark infringement. Nothing in the warranty language itself indicates the warranty doesn't apply if the product is sold by a third-party vendor on Amazon or E-bay. See: https://www.otterbox.com/en-us/warranty-claim and https://www.otterbox.com/en-us/warranty-full.html. There is no way that E&E Global would have been on notice that the warranty would not be honored by Plaintiffs, nor did the E&E Global Amazon storefront state or imply that Plaintiffs would honor the warranty. In fact, E&E Global took responsibility for and assumed responsibility for defective and damaged product original manufactured and sold by Plaintiffs. If anything, it is Plaintiffs who are liable to E&E Global for this loss of revenue due to Plaintiff's defective and damaged product.

### vii.     Claim of Warranty is Not trademark Infringement

Plaintiffs cite to the lawsuit of *Zino Davidoff SA v. CVS Corp. To support their claim that "*Products sold outside a manufacturer's quality controls are not genuine products."  However, that lawsuit had to do with *removal of UPC codes from original packaging. "In our view, furthermore, the district court correctly found that Davidoff was likely to succeed on the merits in its contention that CVS's sales of its products with the UPC removed constituted trademark infringement.  Zino Davidoff SA v. CVS Corp.,* 571 F.3d 238, 243 (2d Cir. 2009) This is not the case here, E&E Global hasn't altered the packaging of Plaintiff's products. Moreover, that case holds that sales of genuine product is NOT trademark infringement. ("We recognize that, as a general rule, the Lanham Act does not impose liability for "the sale of genuine goods bearing a true mark even though the sale is not authorized by the mark owner" because such a sale does not inherently cause confusion or dilution. *Polymer Tech. Corp. v. Mimran*, 975 F.2d 58, 61 (2d Cir.1992).)

The *Beltronics USA, Inc. v. Midwest Inventory Distrib.,LLC,* case cited by Plaintiffs on page 5 of their Motion for Default Judgment similarly doesn't apply. In that case, the Court held: "We are aware of no federal circuit court that has held or observed otherwise when considering the specific question of whether material differences may include warranties and service commitments. Accordingly, we conclude that the district court did not commit an error of law in concluding that material differences may include the warranties and services associated with Beltronics's radar detectors." *Beltronics USA, Inc. v. Midwest Inventory Distrib.,*

-13-

*LLC,* 562 F.3d 1067, 1073 (10th Cir. 2009). In the present case, however, the warranty actually provided to purchasers of Plaintiff's products through the E&E Global storefront is exactly the same as that offered by Plaintiff directly. If the warranty is the same, the product cannot be a "materially different product" as alleged by Plaintiffs.[1]

The remainder of the cases cited by Plaintiffs are all unrelated to the present case because the facts in all of those cases are completely different, and therefore simply don't apply.

### viii.   Defendant Not Bound by Terms of Reseller Agreements

Neither Defendant nor E&E Global was aware, had any knowledge or understanding of Plaintiff's authorized reseller agreement terms and conditions. Neither Defendant nor E&E Global was party to those agreements, those agreements are not online, and therefore neither Defendant nor E&E Global could be in violation thereof. The fact that Plaintiff's authorized resellers may be in violation of their reseller

---

[1] Plaintiffs also cite to a case that has no relevance to the present dispute. In the *Adolph Coors v. Genderson & Sons* case, the reseller of actual Coors beer failed to properly refrigerate the beer resulting in a loss of quality. ("The distribution and sale of Coors beer by Genderson and its customers over long periods of time absent refrigeration has caused a loss of the high quality and freshness of Coors beer as it has been manufactured, resulting in the sale to the public of Coors beer in an unfit condition and inferior quality, all of which severely damages the good reputation of Coors beer and causes a loss of goodwill of Adolph Coors Company because of the beer being held in disrepute by purchasers of Coors beer in this condition." *Adolph Coors Co. v. A. Genderson & Sons, Inc.,* 486 F. Supp. 131, 136 (D. Colo. 1980). These facts simply don't apply to the case at hand.

-14-

agreements with Plaintiff is not evidence of interference with contract or of Defendant's knowledge of the terms of the reseller's agreements or of other illegal or impermissible conduct on the part of Defendant or E&E Global.

WHEREFORE, Eddy Wang respectfully requests that this Court set aside the Default Judgment, lift the permanent injunction against Defendant, and to extend for 21 days from the date of grant of this motion the time for his filing of a responsive pleading to the Complaint filed December 13, 2018.

Respectfully submitted this 22nd day of April, 2019.

RAY K. SHAHANI ATTORNEY AT LAW

   _/S/ Ray K. Shahani_____
Ray K. Shahani, Esq.
Reg. No. 160814
Oyster Point Marina Plaza
400 Oyster Point Blvd., Suite 518
South San Francisco, CA 94080
Telephone: (650) 348-1444
FAX: (650) 348-8655
E-mail: rks@attycubed.com
Attorney for Defendant
Eddy Wang