**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:18-cv-03198-CMA-SKC

OTTER PRODUCTS, LLC, et al.

    Plaintiffs,

v.

EDDY WANG, et al.,

    Defendants.

**DECLARATION OF TYLER B. PENSYL IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT EDDY WANG'S FIRST CORRECTED MOTION TO SET ASIDE DEFAULT JUDGMENT AND FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

I, Tyler B. Pensyl, declare as follows:

1. My name is Tyler B. Pensyl. I am a partner at the law firm of Vorys, Sater, Seymour, and Pease, LLP, and I am one of the attorneys for Plaintiffs Otter Products, LLC ("Otter") and TreeFrog Developments, Inc. ("TreeFrog") (collectively, "Plaintiffs" or "Otter") in this action. I am a member in good standing of the State Bar of Ohio, and a member in good standing of the Bar of this Court. I have personal knowledge of the facts in this Declaration and, if called as a witness, could and would testify to such facts under oath. I submit this declaration in support of Plaintiffs' response to defendant Eddy Wang's motion to set aside default judgment and for extension of time to respond to complaint.

2. In the Fall of 2018, Otter discovered two storefronts on www.amazon.com ("Amazon")—"E&E Global" and "1to3shop-store"—that were unlawfully selling Otter products. The two storefronts were both operated anonymously.

3. "E&E Global" and "1to3shop-store" advertised that the Otter products sold on those storefronts came with the "Otterbox Limited Lifetime Warranty." This is the only warranty that was advertised.

4. Contrary to the statements on "E&E Global" and "1to3shop-store," Otter's warranty is explicitly limited to products sold by authorized dealers. The warranty provides: "[t]his Limited Warranty will apply only to Products purchased from an Otter-authorized dealer that is subject to and follows Otter's quality controls." https://www.otterbox.com/en-us/warranty-full.html. A copy of the warranty is attached hereto as Exhibit A.

5. Upon discovering the unlawful activities of E&E Global" and "1to3shop-store," Otter spent significant time and expense to investigate the operator of the storefronts.

6. As a result of Otter's investigation, Otter identified defendant Eddy Wang as an operator of both "E&E Global" and "1to3shop-store."

7. Otter was unable to identify any corporation or other legal entity connected to Eddy Wang or the "E&E Global" and "1to3shop-store" storefronts.

8. Counsel for Otter ran searches for "E&E Global" on the California Secretary of State website, https://businesssearch.sos.ca.gov/ to try and identify an entity connected to Eddy Wang and the "E&E Global" and "1to3shop-store" storefronts.

A search for "E&E Global" returned results for "E&E Global Packing Supplier Corp" and "E&E Global, Inc."  Further investigation of these entities did not reveal any connection to Eddy Wang or the "E&E Global" and "1to3shop-store" storefronts.  "E&E Global Packing Supplier Corp" is registered to Enrique Murillo in Gardena, California, which is over a six hour drive from Mr. Wang's home and business address.  "E&E Global, Inc." lists Li Zhongbo as its chief executive officer, secretary, chief financial officer, and director, and is registered as an "Aerospace/Aviation, Engineering, Manufacturing" company in Valencia, California, which is over a five hour drive from Mr. Wang's home and business address.  Based on this information, counsel for Otter determined that neither "E&E Global Packing Supplier Corp" nor "E&E Global, Inc." was connected to Eddy Wang or the "E&E Global" and "1to3shop-store" storefronts.

9. In October through December 2018, Otter sent Wang three separate letters—all of which were addressed to Eddy Wang personally and sent to his home address.  The letters warned Wang that if he did not cease the unlawful sales of Otter products on his Amazon storefronts that Otter would file suit against him.  Copies of these letters are attached hereto as Exhibits B - D.

10. Otter filed suit against Wang on December 12, 2019 [Doc 01].  At the time Otter filed its complaint, Otter believed in good faith that Wang was the operator of "E&E Global" and "1to3shop-store."  Otter continues to believe in good faith that Wang was the operator of these storefronts.

11. On January 21, 2019, after Wang had missed his answer deadline, I emailed Wang the complaint, summons and scheduling order. A copy of the email is attached hereto as Exhibit E.

12. On January 31, 2019, I sent a copy of Plaintiffs' request for entry of default to Wang. A copy of the letter is attached hereto as Exhibit F.

13. On March 14, 2019, I sent a copy of Plaintiffs' motion for default judgment to Wang. A copy of the letter is attached hereto as Exhibit G.

14. On March 21, 2019, Mr. Shahani contacted me as counsel for Wang. When we spoke, Mr. Shahani was aware that an entry of default had been entered against Wang and that Plaintiffs had filed a motion for default judgment against Wang. Mr. Shahani specifically mentioned the pending motion for default judgment during our telephone call. In fact, when I mentioned that Plaintiffs had obtained already obtained a default against Wang, Mr. Shahani commented that Plaintiffs had obtained only and entry of default and had a motion for default judgment pending. Mr. Shahani did not ask me to send him a copy of Plaintiffs' motion for default judgment.

15. On March 28, 2019 – the day the Court entered its order granting Plaintiffs' motion for default judgment – I sent Mr. Shahani a copy of the Court's order granting Plaintiffs' motion for default judgment.

16. On March 29, 2019 – the day after the Court granted Plaintiffs' motion for default judgment – I had a telephone conference with Mr. Shahani to discuss the case. Mr. Shahani again confirmed that he knew of Plaintiffs' motion for default judgment before the Court ruled on the motion. In fact, Mr. Shahani began the call by stating that

the Court ruled on Plaintiffs' motion for default judgment quicker than he thought it would.

17.   Wang's motion to set aside default judgment and for extension of time to respond to complaint asserts that E&E Global, Inc. is the proper defendant in this action.  Upon receiving Wang's motion to set aside default judgment and for extension of time, I again ran a search of the California Secretary of State website, https://businesssearch.sos.ca.gov/, for information regarding E&E Global, Inc.  I again confirmed that E&E Global, Inc. is registered as an "Aerospace/Aviation, Engineering, Manufacturing" company in Valencia, California, and that Li Zhongbo is listed as its chief executive officer, secretary, chief financial officer, and director.  A copy of the Statement of Information filed on behalf of E&E Global, Inc. is attached hereto as Exhibit H.  There is no apparent affiliation between Wang and E&E Global, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 10, 2019

*/s/ Tyler B. Pensyl*
**Tyler B. Pensyl**