

**Vorys, Sater, Seymour and Pease LLP**
Legal Counsel

52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008

614.464.6400 | www.vorys.com

Founded 1909

**Tyler B. Pensyl**
Direct Dial   (614) 324-2280
Email        otter@vorys.com

December 6, 2018

<u>**BY OVERNIGHT DELIVERY**</u>

Eddy Wang
200 Valley Drive, Ste 41
Brisbane, CA 94005

262 Teddy Ave.
San Francisco, CA 94134

279 Silver Ave.
San Francisco, CA 94112

   Re: <u>Notice of Preservation – Unlawful Sales of OtterBox and LifeProof Products</u>

Dear Mr. Wang:

  As you know, Otter Products, LLC and TreeFrog Developments, Inc. (collectively, "Otter"), have retained our law firm to represent them in connection with your unauthorized sales of OtterBox- and LifeProof-brand products (collectively, "Otter Products") online. We have identified you as the operator of the Amazon storefront "1to3shop-store." We sent you a letter on November 27, 2018, demanding that you cease and desist selling OtterBox- and LifeProof brand products on your Amazon storefront and all other websites and identify all sources of Otter Products you are selling or have sold in the past. You failed to comply with these demands.

  In light of your failure to comply with our demands, Otter is actively preparing a possible lawsuit against you. **This letter serves as official notice of such reasonably anticipated litigation and formally notifies you of your obligation to preserve all records and information, including all documents and electronically stored information, related to your sales of OtterBox- and LifeProof-brand products**. Specifically, by copy of this letter, you are hereby given notice not to destroy, conceal, or alter any paper or electronic files, other data generated by and/or stored on your computer systems and storage media (e.g., hard disks, floppy disks, backup tapes), or any other electronic data, such as voicemail. The preservation of documents and electronically stored information includes, but is not limited to: hard-copy records; invoices; purchase orders; email and other electronic communications; word-processing documents; spreadsheets; databases; calendars; telephone logs; contact-manager information; Internet-usage files; offline storage or information stored on removable media; information



Eddy Wang
December 6, 2018
Page 2

contained on laptops, Personal Information Managers, smartphones, Blackberrys, or other portable devices; and network-access information.

Following the commencement of litigation in this matter, we intend to submit discovery requests to access your documents and electronically stored information. The discovery requests will likely seek, among other things, information relating to your purchase of OtterBox- and LifeProof-brand products; information relating to your sale and distribution of OtterBox- and LifeProof-brand products to all persons, consumers, customers, businesses, entities, and Internet retailers; communications of any kind, with any person, consumer, customer, business, entity, or Internet retailer from which you bought, or to which you sold or distributed, OtterBox- and LifeProof-brand products or products bearing the OtterBox and LifeProof trademarks; financial and tax records relating to your purchase, sale, and distribution of OtterBox- and LifeProof-brand products; and shipment, FedEx, UPS, and other mailing records relating to your purchase, sale, and distribution of OtterBox- and LifeProof-brand products.

With regard to electronically stored information created, received, stored, or maintained subsequent to the date of delivery of this letter, such evidence should not be destroyed and you should take the appropriate steps required to avoid destruction of such evidence. Moreover, please notify all of your agents, officers, members, managers, employees, and other representatives of the contents of this letter so that all such agents are aware of this request and take all appropriate action to preserve evidence and assure that evidence is not destroyed. **Failure to abide by this request could result in severe penalties against you and could form the basis of legal claims for spoliation of evidence.**

You should also be aware that, if you ignore this letter and continue to sell Otter products unlawfully, you will be **subject to personal jurisdiction in Colorado** where Otter is located. *See, e.g., Amini Innovation Corp. v. JS Imps, Inc.*, 497 F. Supp. 2d 1093, 1106 (C.D. Cal. 2007) (explaining that numerous courts have held that a defendant is subject to personal jurisdiction in the state where a plaintiff trademark owner is located if the defendant intentionally infringes the plaintiff's intellectual property while knowing where the plaintiff is located). This letter serves as notice to you that Otter is located in Colorado, your infringing sales harm Otter, and that the effects of your unlawful actions will be felt in Colorado where Otter is located if you do not cease your infringing sales.

**If you wish to avoid a lawsuit, please immediately remove all OtterBox and LifeProof product listings from your Amazon storefront and identify all sources of Otter Products you are selling or have sold in the past**. In addition, please email me at otter@vorys.com or call me at (614) 324-2280 by **no later than 5:00 p.m. Eastern Time on December 13, 2018**, to confirm that you have complied with our demands.



Eddy Wang
December 6, 2018
Page 3

                                            Very truly yours,

                                            Tyler B. Pensyl