**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:18-cv-03198-CMA-SKC

OTTER PRODUCTS, LLC, et al.

    Plaintiffs,

v.

EDDY WANG, et al.,

    Defendants.

**PLAINTIFFS' MOTION FOR CONTEMPT**

## I. INTRODUCTION

On March 28, 2019, this Court entered an order and judgment against Defendant Eddy Wang that explicitly enjoined Wang and his companies from, among other things, "advertising or selling, via the Internet or otherwise, all Otter products or products bearing the Otter Trademarks." *See* Order Granting Plaintiffs' Motion for Default Judgment and Permanent Injunction ("Order") [Doc. 28]. Otter has discovered that Wang is operating at least two eBay seller accounts through which he is selling Otter products and products bearing the Otter Trademarks in direct violation of this order. As a result, pursuant to 18 U.S.C. § 401, he should be held in contempt.

## II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On March 14, 2019 Plaintiffs Otter Products, LLC and Treefrog Developments, Inc. (collectively, "Plaintiffs" or "Otter") moved this Court for default judgment against Defendant Eddy Wang, which the Court entered on March 28, 2019. *See* Motion for

Default Judgment [Doc. 24] and Order [Doc. 28]. Among other things, the Order enjoins "Wang and any of his employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Wang and all of those in active concert and participation with Wang (the "Enjoined Parties") from "advertising or selling, via the Internet or otherwise, all Otter products or products bearing the Otter Trademarks." Doc. 28 at 17.

On or around June 18, 2019, counsel for Otter discovered a seller account on www.eBay.com ("eBay") called "cosplay-party" that is selling nearly 1000 Otter products. Declaration of Tyler Pensyl ("Pensyl Dec."), ¶ 2. "cosplay-party" lists its contact address as 200 Valley Drive, Unit 41 Brisbane, CA 94005-1260. This is the same address that Otter previously linked to Wang's "1to3shop-store" Amazon storefront. Pensyl Dec. ¶¶ 3, 4. Moreover, after conducting a business search on the California Secretary of State website, Otter discovered that Cosplay Party is a registered corporation and that, according to the Statement of Information filed with the California Secretary of State, Eddy Wang is the CEO, Secretary, CFO and Director. Pensyl Dec. ¶ 5. The Statement of Information also describes Cosplay Party's business as "Internet Sales." In light of all of this evidence, there can be no question that Wang is operating the "cosplay-party" eBay seller account and selling Otter products on that account in violation of this Court's March 28 Order.

But Wang's unlawful conduct does not end there. He is operating a second eBay seller account, "1 To 3 Shop," that is selling over 1100 Otter products. Pensyl Dec. ¶ 2. "1to3shop-store" was the name of one Wang's storefronts on www.Amazon.com

2

("Amazon") that was the subject of the Complaint in this action.  See Order at 5.  The "1 To 3 Shop" eBay seller account lists the same contact address as "cosplay-party," i.e. 200 Valley Drive, Unit 41 Brisbane, CA 94005-1260.  Pensyl Dec. ¶ 3.  Given that the "1 To 3 Shop" eBay seller account (1) shares the same name as Wang's Amazon storefront; (2) sells similar products to the products sold on Wang's Amazon storefront and "cosplay-party;" and (3) shares the same address as an address affiliated with Wang's Amazon storefront and "cosplay-party," it is evident that Wang is also operating the "1 To 3 Shop" eBay seller account in violation of this Court's May 28, 2019 Order.

### III.  LAW AND ARGUMENT

"A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority and none other as…disobedience or resistance to its lawful writ, process, order, rule, decree, or command."  18 U.S.C. § 401(3).  "[I]t is firmly established that the power to punish for contempt is inherent in all courts."  Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (quoting Ex Parte Robinson, 86 U.S. 505, 510 (1873)).  Moreover, "the underlying concern that gave rise to the contempt power was not merely the disruption of court proceedings.  Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of the trial."  Id. (quoting Young v. U.S. ex rel. Vuitton et Fils S.A., 481 U.S. 787, 798 (1987)).

It is well recognized that "a court may assess attorney's fees as a sanction for the willful disobedience of a court order."  Id. (citing Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 259, 95 S. Ct. 1612 (1975); Fleischmann Distilling

*Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718, 87 S. Ct. 1404 (1967)). Accordingly, "a court's discretion to determine the degree of punishment for contempt permits the court to impose as part of the fine attorney's fees representing the entire cost of the litigation." *Id.* at 45 (citing *Toledo Scale Co.* v. *Computing Scale Co.*, 261 U.S. 399, 428, 43 S. Ct. 458 (1923)).

Here, Wang is intentionally and willfully violating this Court's Order, which specifically prohibits him and his companies from selling Otter products or products bearing the Otter trademarks. These sales are not remote or accidental; he is selling thousands of Otter products through his eBay storefronts and has undoubtedly sold thousands of dollars of product since the Court issued its March 28, 2019 Order. Wang has portrayed himself to this Court as a man whose English is "poor" and who did not understand the consequences of his actions. *See* Doc. 37 at 1. The exact opposite has shown to be true – Wang is a sophisticated business man operating multiple companies and Internet businesses who pays no respect to the legal process, as evidenced by his attempts to ignore this lawsuit and now his intentional violation of this Court's Order.

The Court has already awarded Otter monetary damages equal to the amount Wang profited on his prior illicit sales of Otter products. That has not deterred him, as he has continued to sell Otter products in blatant violation of this Court's March 28 Order. As such, Otter respectfully suggests that a significant sanction must be imposed on Wang, which would include: (1) disgorgement of all profits made on the sale of Otter products since the Court's March 28 Order; (2) an award of the attorneys' fees Otter incurred in litigating this action, and (3) an order requiring him and the Enjoined Parties

4

to return all Otter products and products bearing the Otter Trademarks to Otter. A less severe sanction is unlikely to curb future violations.

## IV. CONCLUSION

Wang has willfully violated this Court's March 28, 2019 Order Granting Plaintiffs' Motion for Default Judgment and Permanent Injunction. Otter therefore respectfully requests an order: (1) holding Wang in contempt; (2) requiring Wang to disgorge all profits made on the sale of Otter goods since March 28, 2019; (3) requiring Wang to compensate Otter for the legal fees incurred in litigating this action; (4) requiring Wang and the Enjoined Parties to return all Otter products and products bearing the Otter Trademarks to Otter; and (5) granting such other and further relief as this Court deems just an proper.

Respectfully submitted this 20th day of June, 2019.

By: *s/ Arryn K. Miner*
William D. Kloss, Jr. (Ohio Bar No. 0040854)
Tyler B. Pensyl (Ohio Bar No. 0080649)
Arryn K. Miner (Ohio Bar No. 0093909)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43216
Phone: (614) 464-6334
Facsimile: (614) 719-5072
Email: wdkloss@vorys.com
tbpensyl@vorys.com
akminer@vorys.com

Martha L. Fitzgerald, #14078
Brownstein Hyatt Faber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202-4432
Phone: (303) 223-1472
Email: mfitzgerald@bhfs.com

*Counsel for Plaintiffs Otter Products, LLC and TreeFrog Developments, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 20th, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and will be served on all counsel of record.

<em>s/ Arryn K. Miner</em><br>Arryn K. Miner