**EXHIBIT E**



**Vorys, Sater, Seymour and Pease LLP**
**Legal Counsel**

52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008

614.464.6400 | www.vorys.com

Founded 1909

**Tyler B. Pensyl**
**Direct Dial   (614) 324-2280**
**Email otter@vorys.com**

October 5, 2018

**VIA OVERNIGHT DELIVERY**

Eddy Wang
6 S Linden Avenue, Suite 1
South San Francisco, CA 94080

200 Valley Drive, Suite 41
Brisbane, CA 94005

262 Teddy Avenue
San Francisco, CA 94134

279 Silver Avenue
San Francisco, CA 94112

> Re:    **Unauthorized Sale of Products as "Certified Refurbished" OtterBox Products**

Dear Mr. Wang:

Otter Products, LLC ("Otter") has retained Vorys, Sater, Seymour and Pease, LLP to represent it in connection with your false advertisement and unauthorized sale of products as "Certified Refurbished" OtterBox products through the "1to3shop-store" storefront on www.amazon.com ("Amazon"). The products you sell are not "Certified Refurbished" OtterBox products. Thus, your advertisement and sale of such products constitutes false advertising, unfair competition, and trademark infringement.

You must immediately stop advertising, marketing, and selling products as "Certified Refurbished" OtterBox products, cease all unauthorized sales of OtterBox products, and identify all sources of OtterBox products you are selling. If you fail to comply, we intend to file a lawsuit against you.

> I.    **"Certified Refurbished" OtterBox Products May Be Sold Only By OtterBox's Authorized Retailer Who Complies With Otter's Certified Refurbished Program Terms.**

Otter has authorized only one retailer (hereinafter, "Authorized Retailer") to sell "Certified Refurbished" OtterBox products. In order to sell OtterBox products as "Certified Refurbished" products, Otter's Authorized Retailer is required to follow Otter's Certified

Columbus   |   Washington   |   Cleveland   |   Cincinnati   |   Akron   |   Houston   |   Pittsburgh

**EXHIBIT E**



Eddy Wang
October 5, 2018
Page 2

Refurbished Program Terms and adhere to several requirements, including, but are not limited to, performing certain inspections and tests, replacing defective parts, and repackaging products in Certified Refurbished packaging.  In addition, Otter's Authorized Retailer must also offer a Certified Refurbished Reseller Warranty and comply with the requirements Otter has imposed for making warranty claims regarding "Certified Refurbished" OtterBox products.

## II.      The Products You Sell Are Not "Certified Refurbished" OtterBox Products.

You are advertising OtterBox products on your Amazon storefront as "Certified Refurbished" OtterBox products.  You are **not** authorized to sell OtterBox products as "Certified Refurbished" products and the products you are offering are **not** "Certified Refurbished" OtterBox products.  Indeed, the products you are selling cannot be "Certified Refurbished" OtterBox products because they do not, and could not, comply with Otter's Certified Refurbished Program Terms.  Thus, you are falsely representing to consumers that the products you sell are "Certified Refurbished" OtterBox products when, in fact, they are not.

## III.     Your Advertisement, Marketing, And Sale Of Products As "Certified Refurbished" OtterBox Products Is Unlawful.

Your advertisement, marketing, and sale of products as "Certified Refurbished" OtterBox products when the products you are selling are not, in fact, "Certified Refurbished" OtterBox products is unlawful and constitutes false advertising and unfair competition under 15 U.S.C. § 1125(a), trademark infringement under 15 U.S.C. § 1114, and violates of a number of state laws.

### A.       Your Actions Constitute False Advertising and Unfair Competition.

An entity commits false advertising under the Lanham Act if it (1) makes a material false or misleading representation of fact in connection with the commercial advertising or promotion of its product; (2) in commerce; (3) that is either likely to cause confusion or mistake as to (a) the origin, association or approval of the product with or by another, or (b) the characteristics of the goods or services.  *Intermountain Stroke Ctr., Inc. v. Intermountain Health Care, Inc.*, 638 F.App'x 778, 784 (10th Cir. 2016).

By advertising the products you sell as "Certified Refurbished" OtterBox products when, in fact, they are not, you are making a number of false representations to consumers.  *First*, by listing the products as "Certified Refurbished" products, you are representing to consumers that the products you sell are "Certified Refurbished" OtterBox products that comply with OtterBox's Certified Refurbished Program Terms and have met all of the tests and other requirements necessary for the product to be deemed a "Certified Refurbished" OtterBox product.  **These**

**EXHIBIT E**



Eddy Wang
October 5, 2018
Page 3

**representations are <u>literally false</u>**.  The products you sell are not "Certified Refurbished" OtterBox products and do not (and could not) satisfy the Certified Refurbished Program Terms. Thus, your listing of these products as "Certified Refurbished" OtterBox products constitutes false advertising.  *See RFA Brands, LLC v. Beauvais*, 2014 U.S. Dist. LEXIS 181781, at \*27-28 (E.D. Mich. Dec. 23, 2014), *adopted by* 2015 U.S. Dist. LEXIS 14914 (E.D. Mich. Feb. 9, 2015) (granting summary judgment to manufacturer on false advertising claim and holding that selling used products as "new" constitutes false advertising).

 *Second*, by listing products as "Certified Refurbished" OtterBox products you are falsely representing to consumers that: (1) you are affiliated with or sponsored by OtterBox; (2) OtterBox has authorized you to sell its products as "Certified Refurbished" products; and (3) that OtterBox approves of the products you sell.  *See Courtenay Commc'ns Corp. v. Hall*, 334 F.3d 210, 213 n.1 (2d Cir. 2003).  **These representations are also false**, as OtterBox has not authorized you to sell its products or market or sell its products as "Certified Refurbished" products.

 *Third*, by listing products as Certified Refurbished OtterBox products, you are representing to consumers that the products you sell come with the Certified Refurbished Reseller Warranty.  **This representation is also false**.  The products you sell do not come with the Certified Refurbished Reseller Warranty and do not comply with Otter's requirements for offering a Reseller Warranty on "Certified Refurbished" products.

 These false representations are likely to cause consumer confusion.  Consumers who purchase products from you expect to receive an actual "Certified Refurbished" OtterBox product that is authorized by OtterBox, complies with the OtterBox Certified Refurbished Program Terms, comes in Certified Refurbished packaging, and comes with the Certified Refurbished Reseller Warranty.  However, **a consumer who purchases a product from you does not receive such a product**.  Your false listings are therefore likely to lead to consumer confusion.  *RFA Brands, LLC*, 2014 U.S. Dist. LEXIS 181781, at \*16-17 (E.D. Mich. Dec. 23, 2014), *adopted by* 2015 U.S. Dist. LEXIS 14914 (E.D. Mich. Feb. 9, 2015) (defendant's sale of used products as "new" was likely to cause consumer confusion because consumers believed they were purchasing a brand new product of plaintiffs, as advertised by defendant, when they were not); *Fender Musical Instruments Corp. v. Unlimited Music Ctr., Inc.*, 1995 U.S. Dist. LEXIS 15746, at \*10 (D. Conn. Feb. 16, 1995) (consumers who purchased a Fender guitar from unauthorized seller that did not come with Fender's warranty would likely be confused because consumer would think that his purchase of a product that contained Fender's trademark would consist not just of the guitar "but also the services and guarantees that usually accompany such a sale").

**EXHIBIT E**



Eddy Wang
October 5, 2018
Page 4


For all of these reasons, your listing of the products you sell as "Certified Refurbished" OtterBox products when, in fact, they are not "Certified Refurbished" OtterBox products constitutes false advertising and unfair competition. *See General Steel Domestic Sales, LLC v. Chumley*, 627 F.App'x 682, 684 (10th Cir. 2015) (defendant's representations in its advertisements that it fabricated its own steel when it did not constituted false advertising under 15 U.S.C. § 1125(a)); *RFA Brands, LLC v. Beauvais*, 2014 U.S. Dist. LEXIS 181781, at *27-28 (E.D. Mich. Dec. 23, 2014), *adopted by* 2015 U.S. Dist. LEXIS 14914 (E.D. Mich. Feb. 9, 2015) (summary judgment to manufacturer on false advertising claim where defendant sold used products as "new").

### B.      Your Actions Constitute Trademark Infringement.

In addition to false advertising and unfair competition, your unauthorized sale of products as "Certified Refurbished" OtterBox products constitutes trademark infringement. To protect the OtterBox brand and prevent consumer confusion, Otter has secured a number of trademarks relating to the OtterBox brand (collectively, the "Otter Trademarks").[1] Otter, as the owner of the Otter Trademarks, is the only entity entitled to use the Otter Trademarks in the United States. Your unauthorized sale of products bearing the Otter Trademarks as "Certified Refurbished" OtterBox products when, in fact, they are not "Certified Refurbished" OtterBox products is likely to cause consumer confusion and infringes on the Otter Trademarks.

As discussed above, genuine "Certified Refurbished" OtterBox products comply with the OtterBox Certified Refurbished Program Terms, come in Certified Refurbished packaging, and come with the Certified Refurbished Reseller Warranty. Because the products you sell do not come with these features, **they are materially different from genuine "Certified Refurbished" OtterBox products**. *See Societe des Produits Nestle, S.A. v. Casa Helvetia, Inc.*, 982 F.2d 633, 642 (1st Cir. 1992) (products that are not subject to the same quality controls are materially different from genuine products); *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1075-76 (10th Cir. 2009) (unauthorized product that did not include manufacturer's warranty was materially different from genuine product). As such, **the products you sell are not genuine "Certified Refurbished" OtterBox products**. *See Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238, 243 (2d Cir. 2009) ("goods are not genuine … if they differ

---

[1]  The Otter Trademarks include, but are not limited to, the following trademarks that Otter has registered with the United States Patent and Trademark Office: OTTERBOX® (U.S. Trademark Reg. Nos. 5,439,652; 5,498,180; 4,602,221; and 3,788,534); DEFENDER SERIES® (U.S. Trademark Reg. No. 4,616,874); STRADA SERIES® (U.S. Trademark Reg. No. 4,864,518); STATEMENT SERIES® (U.S. Trademark Reg. No. 4,952,893); SYMMETRY SERIES® (U.S. Trademark Reg. No. 4,709,178); PURSUIT SERIES® (U.S. Trademark Reg. No. 4,280,846); ALPHA GLASS® (U.S. Trademark Reg. No. 4,702,961); VENTURE® (U.S. Trademark Reg. No. 5,449,981); TROOPER® (U.S. Trademark Reg. No. 5,496,963); and ELEVATION® (U.S. Trademark Reg. No. 5,444,887).

**EXHIBIT E**



Eddy Wang
October 5, 2018
Page 5

materially from the product authorized by the trademark holder for sale"); *Shell Oil Co. v. Commercial Petroleum, Inc.*, 928 F.2d 104, 107 (4th Cir. 1991) ("A product is not truly 'genuine' unless it is manufactured and distributed under quality controls established by the manufacturer.").

Further, because the products you sell are materially different from genuine "Certified Refurbished" OtterBox products, **your sales of such products are <u>not</u> protected by the "first sale doctrine."**  The first sale doctrine does not apply "'when an alleged infringer sells trademarked goods that are materially different than those sold by the trademark holder.'" *Beltronics USA, Inc., LLC*, 562 F.3d at 1072.  *See also Brilliance Audio, Inc. v. Haights Cross Communs., Inc.*, 474 F.3d 365, 370 (6th Cir. 2007) ("the first sale doctrine does not apply when an alleged infringer sells trademarked goods that are *materially different* than those sold by the trademark owner."); *Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1302 (11th Cir. 2001) (the first sale doctrine is not applicable when an alleged infringer sells trademarked goods that are materially different than those sold by the trademark owner).

In sum, your use of the Otter Trademarks to market and sell products as "Certified Refurbished" OtterBox products when, in fact, they are not is likely to confuse consumers and constitutes trademark infringement.  *See RFA Brands, LLC*, 2014 U.S. Dist. LEXIS 181781, at \*26 (E.D. Mich. Dec. 23, 2014), *adopted by* 2015 U.S. Dist. LEXIS 14914 (E.D. Mich. Feb. 9, 2015) (granting summary judgment to manufacturer and holding defendant's use of manufacturer's trademark to sell used products as "new" on Amazon was likely to cause consumer confusion and constituted trademark infringement).

**IV.     <u>To Avoid A Lawsuit, You Must Immediately Remove All "Certified Refurbished" OtterBox Listings From Your Amazon Storefront And Cease And Desist All Unauthorized Advertising And Sales Of OtterBox Products.</u>**

For the foregoing reasons, your advertisement and sale of products as "Certified Refurbished" OtterBox products is illegal.  **You must immediately remove all "Certified Refurbished" OtterBox listings from your Amazon storefront and any other website, cease and desist all unauthorized advertising and sales of OtterBox products, and disclose your source of OtterBox products.**  If you fail to comply, Otter intends to file a lawsuit against you seeking all available monetary damages—including disgorgement of profits, compensatory damages, attorneys' fees, and investigative and other costs—as well as all injunctive relief to which it is entitled.  In connection with its lawsuit against you, Otter will investigate and obtain the identities of all individuals and entities involved in your illegal sales, and will seek ownership or de-indexing from search engines of all websites that you use to sell Otter products.  If you ignore this notice and any subsequent lawsuit, Otter intends to seek and execute a default judgment against you for all of the monetary and injunctive relief outlined above.

**EXHIBIT E**



Eddy Wang
October 5, 2018
Page 6


      You should also be aware that, if you ignore this letter and continue to unlawfully sell Otter products, you will be subject to personal jurisdiction in Colorado where Otter is located. *See, e.g., Amini Innovation Corp. v. JS Imps, Inc.*, 497 F. Supp. 2d 1093, 1106 (C.D. Cal. 2007) (explaining that numerous courts have held that a defendant is subject to personal jurisdiction in the state where a plaintiff mark owner is located if the defendant intentionally infringes the plaintiff's intellectual property while knowing where the plaintiff is located).  This letter serves as notice to you that Otter is located in Colorado, your infringing sales harm Otter, and that the effects of your unlawful actions will be felt in Colorado where Otter is located if you do not cease your infringing sales.

      To avoid litigation, you must immediately and permanently comply with the demands herein.  Please email me at otter@vorys.com or call me at (614) 324-2280 by no later than 5:00 p.m. Eastern Time on October 12, 2018, to confirm your compliance with these demands.

                              Sincerely,

                              Tyler B. Pensyl