

**Vorys, Sater, Seymour and Pease LLP**
Legal Counsel

**EXHIBIT F**

52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008

www.vorys.com

Founded 1909

**Tyler B. Pensyl**
**Direct Dial   (614) 324-2280**
**Email otter@vorys.com**

November 27, 2018

<u>**VIA OVERNIGHT DELIVERY**</u>

Eddy Wang
6 S Linden Ave. Ste 1
South San Francisco, CA 94080

200 Valley Drive, Ste 41
Brisbane, CA 94005

262 Teddy Ave.
San Francisco, CA 94134

279 Silver Ave.
San Francisco, CA 94112

   Re: **Unauthorized Sales of Products Bearing the Otter Trademarks**

Dear Mr. Wang:

  Otter Products, LLC and TreeFrog Developments, Inc. (collectively, "Otter") have retained Vorys, Sater, Seymour and Pease LLP to represent them in connection with your unauthorized sales of OtterBox-brand products ("OtterBox Products") and LifeProof-brand products ("LifePoof Products") (collectively, "Otter Products") through the "1to3shop-store" and "E&E Global" storefronts on <u>www.amazon.com</u> ("Amazon").  As set forth below, such sales are unlawful.

  You must immediately remove all Otter Products from your Amazon storefronts and all other unauthorized websites, stop selling any and all Otter Products, and identify all sources of Otter Products you are selling.  If you fail to comply, we intend to file a lawsuit against you.

  **I.** **<u>Otter Products May Only Be Sold By Approved Sellers Through Authorized Channels.</u>**

  Only sellers expressly authorized by Otter (hereinafter, "Authorized Resellers") are permitted to sell Otter Products.  Authorized Resellers are required to sell Otter Products only in certain channels and are subject to Otter's Authorized Reseller policies and agreements (collectively, the "Policies").  It is only by limiting sales to Authorized Resellers who are required to follow the Policies that Otter is able to ensure the satisfaction of consumers and to maintain the integrity and reputation of the OtterBox and LifeProof brands.  For these reasons,



Eddy Wang
November 27, 2018
Page 2

all individuals and entities—including Authorized Resellers—are prohibited from selling Otter Products on online marketplace websites such as Amazon without authorization from Otter.[1]

## II. <u>Your Sales Of Otter Products Are Unlawful</u>.

To protect the OtterBox and LifeProof brands and prevent consumer confusion, Otter has secured a number of trademarks relating to the OtterBox brand (the "OtterBox Trademarks") and the LifeProof brand (the "LifeProof Trademarks) (collectively, the "Otter Trademarks").[2] Otter is the only entity entitled to use the Otter Trademarks in the United States. By advertising and selling products bearing the Otter Trademarks that do not come with the benefits that accompany genuine Otter Products and that are not subject to Otter's control, you are using the Otter Trademarks illegally. Your repeated use and misappropriation of the Otter Trademarks constitutes trademark infringement pursuant to 15 U.S.C. § 1114, unfair competition and false advertising pursuant to 15 U.S.C. § 1125(a), and a violation of numerous state laws.

### A. <u>Your Sale Of Products Bearing The Otter Trademarks Is Likely To Cause Consumer Confusion And Infringes On The Otter Trademarks</u>.

Your unauthorized use of the Otter Trademarks to market and sell products constitutes trademark infringement and is likely to cause confusion in the marketplace. *See Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1071 (10th Cir. 2009). Your listings of products bearing the Otter Trademarks is likely to confuse and deceive consumers because they suggest to consumers that (1) you are affiliated with or sponsored by Otter, (2) Otter approves of the products you sell, and (3) the products you sell are delivered with all the same benefits and characteristics as Otter Products sold by Authorized Resellers. *See* 15 U.S.C. § 1114; *Courtenay Commc'ns Corp. v. Hall*, 334 F.3d 210, 213 n.1 (2d Cir. 2003). Such representations are untrue because Otter has not authorized you to sell its products and the products you sell do not come with the same benefits as genuine Otter Products sold by Otter and its Authorized Resellers. In

---

[1] Pursuant to the Policies, Authorized Resellers are prohibited from selling Otter Products on any third-party marketplace site, including Amazon, without the prior written consent of Otter. If you are an Otter Authorized Reseller, your sales of Otter Products on Amazon violate the Policies. You must immediately remove such listings or Otter will terminate you as an Authorized Reseller and seek other available relief.

[2] The OtterBox Trademarks include, but are not limited to, the following trademarks that Otter Products, LLC has registered with the United States Patent and Trademark Office ("USPTO"): OTTERBOX® (U.S. Trademark Reg. Nos. 5,439,652; 5,498,180; 4,602,221; and 3,788,534); DEFENDER SERIES® (U.S. Trademark Reg. No. 4,616,874); STRADA SERIES® (U.S. Trademark Reg. No. 4,864,518); STATEMENT SERIES® (U.S. Trademark Reg. No. 4,952,893); SYMMETRY SERIES® (U.S. Trademark Reg. No. 4,709,178); PURSUIT SERIES® (U.S. Trademark Reg. No. 4,280,846); ALPHA GLASS® (U.S. Trademark Reg. No. 4,702,961); VENTURE® (U.S. Trademark Reg. No. 5,449,981); TROOPER® (U.S. Trademark Reg. No. 5,496,963); and ELEVATION® (U.S. Trademark Reg. No. 5,444,887). The LifeProof Trademarks include, but are not limited to, the following trademarks that TreeFrog Developments, Inc. has registered with the USPTO: LIFEPROOF (U.S. Registration Nos. 4,519,288; 4,520,890; 4,360,963; and 4,057,201); LIFEJACKET® (U.S. Registration No. 4,354,783); LET'S GO! (U.S. Registration No. 4,285,129).



Eddy Wang
November 27, 2018
Page 3

fact, as explained below, the products you sell are **materially different** from genuine Otter Products because they do not come with the same benefits as genuine Otter Products and are not subject to Otter's quality controls.  As such, **the products you sell are <u>not</u> genuine Otter Products**.  *See Beltronics*, 562 F.3d at 1072 (10th Cir. 2009) ("A materially different product is not genuine and may generate consumer confusion about the source and the quality of the trademarked product."); *Shell Oil Co. v. Commercial Petroleum, Inc.*, 928 F.2d 104, 107 (4th Cir. 1991) ("A product is not truly 'genuine' unless it is manufactured and distributed under quality controls established by the manufacturer.").

Even if you purchased or otherwise obtained the products from an Authorized Reseller, **your actions are <u>not</u> protected by the "first sale doctrine."**  The first sale doctrine does not apply "'when an alleged infringer sells trademarked goods that are materially different than those sold by the trademark holder'" *Beltronics*, 562 F.3d at 1072 (quoting *Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1302 (11th Cir. 2001)), or when the alleged infringer does not (or cannot) offer the quality controls that the trademark holder provides.  *Shell Oil Co.*, 928 F.2d at 107.  As set forth herein, the products you sell are materially different from genuine Otter Products and do not carry the quality controls of genuine Otter Products.  As such, your sales of products bearing the Otter Trademarks are not protected by the first sale doctrine and infringe on the Otter Trademarks.

        1.    <u>**The Products You Sell Are Materially Different from Genuine Otter Products.**</u>

Unlike genuine Otter Products purchased from Authorized Resellers, the products you sell bearing the OtterBox Trademarks, and without Otter's consent, do not come with the OtterBox Warranty – a material component of OtterBox products that provides that Otter will repair or replace a product within the warranty period on account of a defect in the product's materials or workmanship.  **Critically, the OtterBox Warranty is only available to OtterBox products purchased from Authorized Resellers who are subject to Otter's quality controls; it is <u>not</u> available for products sold by unauthorized sellers who are not subject to Otter's quality controls**.  Because you are not an Authorized Reseller who is subject to Otter's quality controls, the unauthorized products you sell do not come with the OtterBox Warranty. Courts have held repeatedly that products sold without applicable warranties are materially different from genuine products.  *See, e.g.*, *Beltronics USA, Inc.*, 562 F.3d at 1075-76 (affirming preliminary injunction for trademark infringement where unauthorized product did not include manufacturer's warranty); *TracFone Wireless, Inc. v. Pak China Grp. Co.*, 843 F. Supp. 2d 1284, 1298 (S.D. Fla. 2012) (holding that products sold with invalid warranties were materially different and their sale constituted trademark infringement); *Perkins Sch. For the Blind v. Maxi-Aids, Inc.*, 274 F. Supp. 2d 319, 326 (E.D.N.Y. 2003) (holding that trademark holder stated a claim for infringement where defendant sold product with inferior warranty).  Further, courts


**Legal Counsel**

Eddy Wang
November 27, 2018
Page 4

have held that such sales are likely to cause customer confusion. *See Fender Musical Instruments Corp. v. Unlimited Music Ctr., Inc.*, 1995 U.S. Dist. LEXIS 15746, at *10 (D. Conn. Feb. 16, 1995) (consumers who purchased a Fender guitar from unauthorized seller that did not come with Fender's warranty would likely be confused because consumer would think that his purchase of a product that contained Fender's trademark would consist not just of the guitar "but also the services and guarantees that usually accompany such a sale"). As such, the products you sell are materially different from genuine OtterBox products, are likely to confuse consumers, and infringe on the OtterBox Trademarks.

Not only do the products you sell not come with the OtterBox Warranty, but they also do not come with other material benefits that accompany genuine Otter Products. For example, Otter's Authorized Resellers are required to provide customer service concurrently with and after their sales that you cannot provide. Authorized Resellers are required to familiarize themselves with the special features of all products kept in inventory and to be able to advise clients on how to use the products safely and properly. Indeed, Authorized Resellers must have sufficient product knowledge to address end-user customer questions and concerns both before and after the sale of the products and respond to customer inquiries promptly. Because the products you sell do not come with these same services and benefits that accompany genuine Otter Products sold by Authorized Resellers, they are materially different. *See Beltronics USA*, 562 F.3d at 1073 (affirming "that material differences may include the . . . services associated with Beltronics' radar detectors"); *SKF United States, Inc. v. ITC*, 423 F.3d 1307, 1312 (Fed. Cir. 2005) ("[T]rademarked goods originating from the trademark owner may have nonphysical characteristics associated with them, including services, such that similar goods lacking those associated characteristics may be believed by consumers to have originated from the trademark owner and, lacking such traits, may mislead the consumer and damage the owner's goodwill.")

> 2. **The Products You Sell Do Not Adhere to the Rigorous Quality Controls Implemented With Respect To Genuine Otter Products.**

It is also well-recognized that goods are not genuine, and therefore violate trademark law, if they fail to conform to the trademark holder's quality control standards. *See, e.g.*, *Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238, 243 (2d Cir. 2009) (holding that "goods are not genuine if they do not conform to the trademark holder's quality control standards"); *Societe Des Produits Nestle, S.A. v. Casa Helvetia, Inc.*, 982 F.2d 633, 643 (1st Cir. 1992) (holding that the difference in quality controls created a presumption of customer confusion and constituted trademark infringement); *Ahava (USA), Inc. v. J.W.G., Ltd.*, 250 F. Supp. 2d 366, 369 (S.D.N.Y. 2003) (concluding that an unauthorized product "is not considered genuine if the [product] does not meet the trademark owner's quality control standards").


Legal Counsel

Eddy Wang
November 27, 2018
Page 5


      Otter imposes quality controls that are unique to genuine Otter Products, including but not limited to: requiring Authorized Resellers to store, handle, ship, and dispose of products in accordance with specific guidelines designed to ensure quality; forbidding Authorized Resellers from relabeling, repackaging or otherwise altering Otter Products or any labels or literature accompanying the products; prohibiting Authorized Resellers from tampering with, defacing, or otherwise altering codes or other identifying information on products and packaging; and requiring Authorized Resellers to inspect products regularly for damage or defect.  In the event that an Authorized Reseller identifies any quality-related issues for any Otter product, the Authorized Reseller is required to notify Otter immediately so that Otter can investigate the concern—and if necessary—alert other Authorized Resellers and remove any such products from its authorized sales channels. The products you sell are not subject to and do not abide by these quality control requirements.  Thus, the products you sell are not genuine Otter Products.  *Shell Oil Co.*, 928 F.2d at 107.  Further, your unauthorized sale of Otter Products without adhering to Otter's quality control standards harms the OtterBox and LifeProof brands, causes consumer confusion, and compromises consumer safety and well-being.

      In addition to selling products that do not comply with Otter's quality controls, consumers who purchase products from you are also limited in their ability to receive information from Otter pertaining to Otter Products.  Otter's Authorized Resellers, unlike you, are required to assist with product recalls and other consumer safety information efforts.  Otter is unable to obtain such assistance from you because you have not identified yourself to Otter or identified where you are obtaining the products you are selling. Courts have held that when purchasers of unauthorized products are limited in their ability to be informed of recall and safety information, they are not receiving the "full bundle of services and product features that typically accompany such a purchase[,]" and therefore, have not received a genuine product.  *Beltronics USA, Inc. v. Midwest Inventory Distrib. LLC*, 522 F. Supp. 2d 1318, 1327 (D. Kan. 2007), *aff'd Beltronics USA, Inc.*, 562 F.3d 1067.

      In sum, consumers who purchase Otter Products from you are receiving products that are not subject to, interfere with, and that do not abide by Otter's quality control requirements, increasing the likelihood that these consumers could receive damaged products or have an otherwise unsatisfactory experience, causing them to lose confidence in the OtterBox and LifeProof brands.  Because the products you sell do not comply with Otter's quality controls and do not offer unique benefits available only through Otter's Authorized Resellers, they are materially different from genuine Otter Products and illegally infringe on the Otter Trademarks.  *See, e.g., Ahava (USA), Inc.*, 250 F. Supp. 2d at 369.


Legal Counsel

Eddy Wang
November 27, 2018
Page 6

        **B.**        **Your OtterBox Product Listings On Amazon Falsely Advertise The Products You Are Selling.**

In addition to infringing on the Otter Trademarks, your OtterBox Product listings on Amazon also falsely advertise that the products you sell come with the OtterBox Warranty. Your OtterBox Product listings falsely state that the product: "Includes OtterBox 1-year case warranty (see website for details) and 100% authentic." *See, e.g.*, https://www.amazon.com/OtterBox-DEFENDER-iPhone-Case-Packaging/dp/B00Z7SHCC4/ref=lp_2530077011_%201_1?srs=2530077011&ie=UTF8&qid=1530821247&sr=8-1. Moreover, by listing OtterBox products as "New," you are representing to consumers that the product comes with the OtterBox Warranty. Indeed, Amazon's listings policies state that a "New" listing comes with the manufacturer's warranty:

> **New:**
>
> Just like it sounds. A brand-new, unused, unopened item in its original packaging, with all original packaging materials included. Original protective wrapping, if any, is intact. <mark>Original manufacturer's warranty, if any, still applies,</mark> with warranty details included in the listing comments.

https://sellercentral.amazon.com/gp/help/external/200339950?language=en_US&ref=efph_200339950_cont_521.

As explained above, the OtterBox Products you sell do not come with the OtterBox Warranty. You are therefore engaging in false advertising by representing to consumers that the products you sell come with the OtterBox Warranty. 15 U.S.C. § 1125(a); *Compaq Computer Corp. v. Packard Bell Elecs.*, 163 F.R.D. 329, 336 (N.D.Cal.1995) (explaining that 15 U.S.C. § 1125(a) prohibits advertising that is false or misleading to the consuming public).

        **C.**        **Your Acquisition And Sale Of Otter Products Tortiously Interferes With Otter's Contracts and/or Business Relationships With Its Authorized Resellers and/or Distributors.**

To the extent you are acquiring Otter Products from Otter's Authorized Resellers or Authorized Distributors, you are tortiously interfering with Otter's contracts and/or business relationships. Otter restricts the manner in which its Authorized Resellers and Authorized Distributors may sell Otter Products. Otter's Authorized Distributors are permitted to sell Otter products only to approved customers designated in their agreements. Otter's Authorized Resellers may sell Otter Products only to end-users.

**EXHIBIT F**



Eddy Wang
November 27, 2018
Page 7

      Because you are not an Authorized Reseller, any time you purchase products from an Otter Authorized Distributor, you are interfering with the Authorized Distributor's contract with Otter and causing it to breach that contract. Likewise, because you are not an end-user customer, any time you purchase products from an Otter Authorized Reseller for purposes of resale, you are interfering with the Authorized Reseller's contract with Otter and causing it to breach that contract. You now have clear notice of these restrictions. If you continue to acquire Otter Products from Otter's Authorized Resellers or Authorized Distributors, such actions will constitute tortious interference with Otter's contracts and/or business relationships. *See, e.g.*, *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1235-38 (10th Cir. 2006) (affirming $500,000 damages award for tortious interference with a dealer agreement).

      **III.**    <u>**To Avoid A Lawsuit, You Must Cease and Desist Sales Of Otter Products Immediately**</u>**.**

      For the foregoing reasons, your sales of products bearing the Otter Trademarks are illegal. **You must immediately cease all sales of Otter Products, remove all Otter listings from your Amazon storefronts and any other website, and disclose your source of Otter Products.** If you fail to comply, Otter intends to file a lawsuit against you seeking all available monetary damages—including disgorgement of profits, compensatory damages, attorneys' fees, and investigative and other costs—as well as all injunctive relief to which it is entitled. In connection with its lawsuit against you, Otter will investigate and obtain the identities of all individuals and entities involved in your illegal sales, and will seek ownership or de-indexing from search engines of all websites that you use to sell Otter Products. If you ignore this notice and any subsequent lawsuit, Otter intends to seek and execute a default judgment against you for all of the monetary and injunctive relief outlined above.

      You should also be aware that, if you ignore this letter and continue to unlawfully sell Otter Products, you will be subject to personal jurisdiction in Colorado where Otter is located. *See, e.g., Amini Innovation Corp. v. JS Imps, Inc.*, 497 F. Supp. 2d 1093, 1106 (C.D. Cal. 2007) (explaining that numerous courts have held that a defendant is subject to personal jurisdiction in the state where a plaintiff mark owner is located if the defendant intentionally infringes the plaintiff's intellectual property while knowing where the plaintiff is located). This letter serves as notice to you that Otter is located in Colorado, your infringing sales harm Otter, and that the effects of your unlawful actions will be felt in Colorado where Otter is located if you do not cease your infringing sales.

      To avoid litigation, you must immediately and permanently comply with the demands herein. Please email me at <u>otter@vorys.com</u> or call me at (614) 324-2280 by no later than 5:00 p.m. Eastern Time on December 4, 2018, to confirm your compliance with these demands.



Eddy Wang
November 27, 2018
Page 8

          Sincerely,

          Tyler B. Pensyl