**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:18-cv-03198-CMA-SKC
OTTER PRODUCTS, LLC, et al.

    Plaintiffs,

v.

EDDY WANG, et al.,

    Defendants.

_____

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONTEMPT**
_____

## I. INTRODUCTION

Wang admits that he violated this Court's March 28, 2019 Order (Doc. 28). He nevertheless contends that he should not be punished because he did not understand that the Order prohibited him from selling Otter products on eBay. Respectfully, that explanation is not believable. Regardless, ignorance of the contents of an Order does not excuse violation of the Order. *See United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir.2008) (To avoid contempt, party must show either that he had complied with the order or that he could not comply with it.") Unless this Court sends a clear message by holding him in contempt, Wang will continue to ignore this Court and skirt the Order.

## II. LAW AND ARGUMENT[1]

### A. <u>Wang has Failed to Show He Complied with the Order or that He Could Not Have Complied with the Order.</u>

In contempt proceedings, the moving party has the initial burden of proving, "by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." *Ford*, 514 F.3d at 1051 (10th Cir.2008) (citing *Reliance Ins. Co. v. Mast Constr. Co.,* 159 F.3d 1311, 1315 (10th Cir. 1998)). Here, none of this is disputed. Wang admits that he knew of and failed to abide by the Court's March 28, 2019 Order. *See generally* Defendant's Response to (1) Motion for Contempt and (2) Order to Show Cause (Doc. 40).

Because Otter has satisfied its burden, the burden shifts to Wang to show "either that he had complied with the order or that he could not comply with it." *Id.* (*citing United States v. Rylander,* 460 U.S. 752, 757, 103 S. Ct. 1548, 75 L. Ed. 2d 521 (1983)). Wang has failed to meet his burden. Indeed, Wang admits that he did not comply with the Order, and he does not argue that he could not comply with the Order. Rather, he argues only that he "was confused about the status of the Default Judgment and Motion to Set Aside Default Judgment." Because Wang has failed to satisfy his burden, he must be held in contempt. *See id.*

---

[1] Because final judgment had been entered and because it was urgent to bring Wang's violation of the Order to the attention of the Court, counsel for Otter does not believe that there was a duty to confer under Local Rule 7.1. *See Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1227 (10th Cir. 2001) (explaining "[a] final order ends litigation on the merits and leaves nothing for the district court to do but execute final judgment.")

### B. <u>There Was No Confusion.</u>

Even if the Court could consider facts other than whether Wang complied with the Order and whether he could have complied with it, the Court must still hold Wang in contempt.

The language in the Order is clear an unambiguous. It unequivocally states that "Wang and any of his employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Wang and all of those in active concert and participation with Wang (the 'Enjoined Parties')" are:

- "Prohibited from advertising or selling, **via the Internet or otherwise**, all Otter products or products bearing the Otter Trademarks;"

- "Prohibited from using any of the Otter Trademarks in any manner, including advertising **on the Internet**;"

- "Prohibited from . . . **selling, offering to sell**, advertising, promoting, or displaying any and **all Otter Products** as well as any products bearing any of the Otter Trademarks;"

Order (Doc. 28) at 16 (emphases added). While the Order does reference Amazon[2], that is because at the time the Order was entered, Wang's Amazon storefronts were the only online marketplace Otter had found Wang unlawfully selling Otter products. Still, the Order could not have been clearer - Wang was prohibited from selling Otter products anywhere on the Internet, and thus, on eBay. Wang was not confused, he made a conscious decision to continue selling Otter Products.

Wang's argument that he believed that the Permanent Injunction had been lifted is defied by his conduct; it also defies his argument that he thought he could sell on eBay despite the injunction. *See* Response (Doc. 40) at 1, 4, 8-9. Although Wang now

---

[2] Doc. 28 at 16-17, ¶¶ a, h.

claims that he thought the Permanent Injunction was lifted on April 19, 2019, the day he filed his Motion to Set Aside Default Judgment, Wang did not start selling Otter products on eBay until May 3, 2019.  *See* Declaration of Eddy Wang, ¶¶ 5-6.  Had Wang actually believed the Injunction had been lifted (or never applied to eBay), he would have started selling Otter products on eBay immediately.  Instead, he waited a few weeks, presumably so as not to call attention to himself.  Similarly, had Wang truly believed that the Injunction had been lifted, he could have created a new storefront on Amazon and sold Otter Products there, as well.  Again, presumably to avoid detection, he chose to sell Otter Products on a marketplace other than the one on which he had previously been caught selling Otter products unlawfully. [3]

### C. <u>Wang Cannot Relitigate the Order Granting Default Judgment.</u>

Wang's Response impermissibly attempts to relitigate the legal merits underlying the Order.  *See* Response (Doc. 40) at 5-7, 9.  As the Supreme Court has explained, however, "a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy."  *United States v. Rylander*, 460 U.S. 752, 756, 103 S. Ct. 1548 (1983) (quoting *Maggio v. Zeitz*, 333 U.S. 56, 69, 68 S. Ct. 401 (1948)).  Thus, the <u>only</u> question at issue is whether Wang complied with or could have complied with the March 28 Order.  *See id.*; *see also United States v. Smith,* 10th Cir. No. 94-4115, 1995 U.S. App. LEXIS 15036, at *3 (June 16, 1995).  By Wang's own admission, he could have

---

[3] Otter notes that it never moved for a preliminary injunction.  Accordingly, Wang's repeated contention that he was confused by the "interplay between the requirements for obtaining a restraining order and/or temporary injunction on the one hand and the steps involved in setting aside the default judgment and obtaining one's day in court," has no basis in the actual facts of this case.  *See* Response (Doc. 40) at 4, 8.

complied with the March 28, he simply chose not to.  Wang, therefore, should be held in contempt.[4]

### III.  **CONCLUSION**

In light of Wang's admitted violation of this Court's March 28, 2019 Order, Otter respectfully requests the Court issue an order: (1) holding Wang in contempt; (2) requiring Wang to disgorge all profits made on the sale of Otter goods since March 28, 2019; (3) requiring Wang to compensate Otter for the legal fees incurred in litigating this action; (4) requiring Wang and the Enjoined Parties to return all Otter products and products bearing the Otter Trademarks to Otter; and (5) granting such other and further relief as this Court deems just an proper.

Respectfully submitted this 10th day of July, 2019.

By:  *s/ Arryn K. Miner*
William D. Kloss, Jr. (Ohio Bar No. 0040854)
Tyler B. Pensyl (Ohio Bar No. 0080649)
Arryn K. Miner (Ohio Bar No. 0093909)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43216
Phone: (614) 464-6334
Facsimile: (614) 719-5072
Email: wdkloss@vorys.com
tbpensyl@vorys.com
akminer@vorys.com

---

[4] Wang's Response also impermissibly includes the substance of the parties' settlement discussions.  *See* Response (Doc. 40) at 6-7, Declaration of Eddy Wang at ¶ 7; Declaration of Ray Shahani at ¶¶ 10, 13.  These portions of Wang's Response should be stricken because they violate Fed. R. Evid. 408 and because they have no bearing on the only relevant issue at hand: whether Wang complied with or could have complied with the March 28 Order.  *See CFTC v. Brockbank*, 316 F.App'x 707, 714 (10th Cir. 2008) ("In relevant part, Rule 408 of the Federal Rules of Evidence prohibits the introduction of evidence concerning offers of compromise 'when offered to prove liability for invalidity of, or amount of a claim.'")

>Martha L. Fitzgerald, #14078
>Brownstein Hyatt Faber Schreck, LLP
>410 Seventeenth Street, Suite 2200
>Denver, Colorado 80202-4432
>Phone: (303) 223-1472
>Email: mfitzgerald@bhfs.com
>
>*Counsel for Plaintiffs Otter Products, LLC and TreeFrog Developments, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and will be served on all counsel of record.

>*s/ Arryn K. Miner*
>Arryn K. Miner